IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HARVEY G. ISBELL, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 06-AR-0334-S |
| | } | |
| HARSCO CORPORATION, d/b/a | } | |
| IKG INDUSTRIES, | } | |
| | } | |
| Defendant. | } | |

**MEMORANDUM OPINION AND ORDER**

The court has before it two motions *in limine* filed by defendant, Harsco Corporation, d/b/a IKG Industries ("Harsco"), on July, 31, 2007.  The case is set for jury trial tomorrow, August 7, 2007.  One motion seeks to preclude reference by plaintiff, Harvey G. Isbell ("Isbell"), to certain e-mails sent to other employees by Todd Whitecotton, Harsco's official who made the decision to terminate Isbell.  This motion has forced the court to take another look at the issue of alleged retaliation upon which the court earlier partially granted summary judgment for Harsco.  The entry of a purported final judgment under Rule 54(b), F.R.Civ.P., was inappropriate and constituted an abuse of discretion.  The court now finds that it acted improvidently and hereby VACATES and SETS ASIDES both the Rule 54(b) finding and the order and judgment granting partial summary judgment, and REINSTATES the retaliation claim, and AMENDS the pretrial order accordingly.

Harco's motions *in limine* are DENIED, without prejudice to its right to object at trial, raising the same grounds presented in the motions *in limine*.  All of the e-mails may not fall into the same category and may have to be taken up one-at-a-time if and when Whitecotton is asked about them; and it may make a difference as to whether Whitecotton is plaintiff's witness or defendant's witness at the time of the inquiry.

DONE this 6th day of August, 2007.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE